B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**LUKAS, WILLIAM S.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**LUKAS, JULIE M.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DINKUM'S LAWN CARE INC.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DINKUM'S LAWN CARE INC.** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**9219, XX-XXX1621** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**5301, XX-XXX1621** |
| Street Address of Debtor (No. and Street, City, and State):<br>**1461 WALNUT AVE.**<br>**HANOVER PARK, IL**          ZIP CODE **60133** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**1461 WALNUT AVE.**<br>**HANOVER PARK, IL**          ZIP CODE **60133** |
| County of Residence or of the Principal Place of Business:<br>**COOK** | County of Residence or of the Principal Place of Business:<br>**COOK** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box.) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7      ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☐ Chapter 11        Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13        Recognition of a Foreign<br>                          Nonmain Proceeding |

|  | **Tax-Exempt Entity**<br>(Check box, if applicable.) | **Nature of Debts**<br>(Check one box.) |
|---|---|---|
|  | ☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ☑ Debts are primarily consumer<br>debts, defined in 11 U.S.C.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose."        ☐ Debts are primarily<br>business debts. |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-<br>5,000 | ☐ 5,001-<br>10,000 | ☐ 10,001-<br>25,000 | ☐ 25,001-<br>50,000 | ☐ 50,001-<br>100,000 | ☐ Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to<br>$50,000 | ☐ $50,001 to<br>$100,000 | ☑ $100,001 to<br>$500,000 | ☐ $500,001<br>to $1<br>million | ☐ $1,000,001<br>to $10<br>million | ☐ $10,000,001<br>to $50<br>million | ☐ $50,000,001<br>to $100<br>million | ☐ $100,000,001<br>to $500<br>million | ☐ $500,000,001<br>to $1 billion | ☐ More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to<br>$50,000 | ☐ $50,001 to<br>$100,000 | ☑ $100,001 to<br>$500,000 | ☐ $500,001<br>to $1<br>million | ☐ $1,000,001<br>to $10<br>million | ☐ $10,000,001<br>to $50<br>million | ☐ $50,000,001<br>to $100<br>million | ☐ $100,000,001<br>to $500<br>million | ☐ $500,000,001<br>to $1 billion | ☐ More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

B 1 (Official Form 1) (1/08)                                                                                                    Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>WILLIAM S. LUKAS & JULIE M. LUKAS |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District:     Northern District of Illinois | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____  6/6/12<br>     Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

   ☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

   ☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

   ☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

   ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

   ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

   ☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

   ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

   ☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

   ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B 1 (Official Form) 1 (1/08) | Page 3 |
|---|---|

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** WILLIAM S. LUKAS & JULIE M. LUKAS |
|---|---|

### Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

Telephone Number (if not represented by attorney)
_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney***

X _____
Signature of Attorney for Debtor(s)
Gary L. Brunke
Printed Name of Attorney for Debtor(s)
Brunke and Gorman, P.C.
Firm Name

Address 1300 E. Irving Park Road Suite 201
Streamwood, IL 60107

630-289-8200
Telephone Number
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re___Julie Lukas___          Case No._____
           Debtor                              (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
    ❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: *Julie Lukas*

Date: *6/6/12*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re William Lukas                          Case No._____
         Debtor                                              (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❒ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❒ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

❒ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❒ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
❒ Active military duty in a military combat zone.

❒ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: _6/6/12_____

Form B6
(6/90)

# United States Bankruptcy Court
## Northern District of Illinois
## Eastern Division

In re   **WILLIAM S. LUKAS**          **JULIE M. LUKAS**          Case No.

Chapter   **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 160,000.00 | | |
| B - Personal Property | YES | 3 | $ 65,777.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 193,163.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $ 79,968.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 4,026.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 4,004.00 |
| Total Number of sheets in ALL Schedules ➤ | | 19 | | | |
| Total Assets ➤ | | | $ 225,777.00 | | |
| Total Liabilities ➤ | | | | $ 273,131.00 | |

FORM B6A
(6/90)

In re: __WILLIAM S. LUKAS_____ __JULIE M. LUKAS_____. Case No. _____
           Debtor                                                                              (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **SINGLE FAMILY**<br>**1461 WALNUT AVE.**<br>**HANOVER PARK, IL 60133** | Co-Owner | J | $ 160,000.00 | $ 183,000.00 |
| | Total ➢ | | $ 160,000.00 | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re   **WILLIAM S. LUKAS**                    **JULIE M. LUKAS**              Case No. _____
           Debtor                                                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **CASH ON PERSON** | | 30.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Chase Bank checking** | J | 100.00 |
| | | **Leyden Credit Union Franklin Park, IL checking** | J | 100.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Furniture, appliances, electronics & Misc. @ residence** | J | 800.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books @ residence** | J | 50.00 |
| 6. Wearing apparel. | | **Clothing on person and at residence** | J | 100.00 |
| 7. Furs and jewelry. | | **necklace, rings and watch** | J | 100.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Misc. sports equipment** | H | 75.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Dist 64 Term policy Park Ridge, IL Beneficiary--Husb.** | W | 1.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | **401B Plan Dist 64 Axa Equitable Syracuse, NY** | W | 12,921.00 |
| | | **Retirement Plan Dist. 64 500 2211 York Oak Brook, IL 60523** | W | 45,000.00 |

FORM B6B
(10/89)

In re   **WILLIAM S. LUKAS**                     **JULIE M. LUKAS**                     Case No. _____

　　　　　　　Debtor                                                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1999 Dodge Ram @ residence | J | 500.00 |
| | | 2007 Hyundi Sonata @ residence | J | 6,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |

FORM B6B
(10/89)

In re  **WILLIAM S. LUKAS**          **JULIE M. LUKAS**          Case No. _____
          Debtor                                                                  (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

__2__   continuation sheets attached          Total          $ 65,777.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re **WILLIAM S. LUKAS** _____ **JULIE M. LUKAS** _____, Case No. _____
Debtor.                                                                                          (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d).   **Note: These exemptions are available only in certain states.**

☑ 11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **401B Plan Dist 64 Axa Equitable Syracuse, NY** | **735 ILCS 5/12-1006** | **-45,000.00** | 12,921.00 |
| **Books @ residence** | **735 ILCS 5/12-1001(b)** | 50.00 | 50.00 |
| **CASH ON PERSON** | **735 ILCS 5/12-1001(b)** | 30.00 | 30.00 |
| **Chase Bank checking** | **735 ILCS 5/12-1001(b)** | 100.00 | 100.00 |
| **Clothing on person and at residence** | **735 ILCS 5/12-1001(a),(e)** | 100.00 | 100.00 |
| **Dist 64 Term policy Park Ridge, IL Beneficiary--Husb.** | **735 ILCS 5/12-1001(h)(3)** | 1.00 | 1.00 |
| **Furniture, appliances, electronics & Misc. @ residence** | **735 ILCS 5/12-1001(b)** | 800.00 | 800.00 |
| **Leyden Credit Union Franklin Park, IL checking** | **735 ILCS 5/12-1001(b)** | 100.00 | 100.00 |
| **Misc. sports equipment** | **735 ILCS 5/12-1001(b)** | 75.00 | 75.00 |
| **necklace, rings and watch** | **735 ILCS 5/12-1001(b)** | 100.00 | 100.00 |
| **Retirement Plan Dist. 64 500 2211 York Oak Brook, IL 60523** | **735 ILCS 5/12-1006** | 45,000.00 | 45,000.00 |
| **SINGLE FAMILY 1461 WALNUT AVE. HANOVER PARK, IL 60133** | **735 ILCS 5/12-901** | 0.00 | 160,000.00 |

FORM B6D
(6/90)

In re: **WILLIAM S. LUKAS**          **JULIE M. LUKAS**          Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   3252<br>**Leyden Credit Union**<br>**2701 N. 25th Ave.**<br>**Franklin Park, IL 60131** | | J | **2009**<br>**Security Agreement**<br>**2007 Hyundi Sonata**<br>**@ residence**<br>――――――<br>**VALUE $6,000.00** | | | | 7,753.00 | 1.753.00 |
| ACCOUNT NO.   6665<br>**Mid-Atlantic Finance Co.**<br>**P.O. Box 12139**<br>**St. Petersburg, FL 33733** | | J | **2011**<br>**Security Agreement**<br>**1999 Dodge Ram**<br>**@ residence**<br>――――――<br>**VALUE $500.00** | | | | 2,410.00 | 1.910.00 |
| ACCOUNT NO.   2967<br>**Wells Fargo Bank**<br>**P.O. Box 14411**<br>**Des Moines, IA 50306** | | J | **2005**<br>**Mortgage**<br>**SINGLE FAMILY**<br>**1461 WALNUT AVE.**<br>**HANOVER PARK, IL 60133**<br>――――――<br>**VALUE $160,000.00** | | | | 183,000.00 | 23.000.00 |

0 Continuation sheets attached

| | |
|---|---|
| Subtotal ✓<br>(Total of this page) | $193,163.00 |
| Total ✓<br>(Use only on last page) | $193,163.00 |

(Report total also on Summary of Schedules)

B6E
(Rev.4/98)

In re:    **WILLIAM S. LUKAS**                    **JULIE M. LUKAS**                    Case No. _____
                              Debtor                                                          .                                      (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**        (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐  **Deposits by individuals**

Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐  **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  Continuation sheets attached

FORM B6E - Cont.
(10/89)

In re: **WILLIAM S. LUKAS**                    **JULIE M. LUKAS**              Case No. _____
_____Debtor_____                                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. _1_ of _1_ sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal | $0.00
(Total of this page)

Total | $0.00
(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules)

FORM B6F (Official Form 6F) - (9/97)

In re:  **WILLIAM S. LUKAS**        **JULIE M. LUKAS**        .        Case No. _____
　　　　　　　　Debtor                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  1043 **Bank of America American** P.O. Box 15019 Wilmington, DE 19850 | | W | 2008 **Living Expenses** | | | | 500.00 |
| ACCOUNT NO.  6659 **Best Buy HSBC** P.O. Box 15521 Wilmington, DE 19850-3954 | | W | **Living Expenses** | | | | 3,008.00 |
| ACCOUNT NO. **Bush Leasing** 6961 Cintas Blvd. Mason, OH 45040 | | J | 2010-2011 **Truck pick up and trailer** | | | | 20.00 |
| ACCOUNT NO.  1440 **Capital One** P.O. Box 30285 Salt Lake City, UT  84130-0285 | | W | **Living Expenses** | | | | 558.00 |
| ACCOUNT NO.  6125 **Capital One** P.O. Box 30285 Salt Lake City, UT  84130-0285 | | W | **Living Expenses** | | | | 1,604.00 |

　6　Continuation sheets attached

|  |  |
|---|---|
| Subtotal | $5,690.00 |
| Total | |

FORM B6F - Cont.
(10/89)

In re:  __WILLIAM S. LUKAS_____ __JULIE M. LUKAS_____ .   Case No. _____
                    Debtor                                                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   9353 | | W | | | | | 1,128.00 |
| **Card Processing Center** P.O. Box 9204 Oled Bethpage, NY 11804-9004 | | | Living Expenses | | | | |
| ACCOUNT NO.   5981 | | W | | | | | 1,179.00 |
| **Carson Pirie Scott & Co** P.O. Box 4144 Carol Stream, IL 60197-9195 | | | Living Expenses | | | | |
| **HSBC Retail Services** P.O. Box 4144 Carol Stream, IL 60197-9195 | | | | | | | |
| ACCOUNT NO.   3009 | | W | | | | | 5,109.00 |
| **Chase** P.O. Box 15153 Wilmington, DE  19886-5153 | | | Living Expenses | | | | |
| **MRS Associates of NJ** 1930 Olney Ave. Cherry Hill, NJ 08003 | | | | | | | |
| ACCOUNT NO.   9615 | | J | 2010 | | | | 966.00 |
| **CitiBank-American Airlines** **American Air Credit Plan** P.O. Box 663054 Dallas, TX 75265 | | | Airfare | | | | |
| **CBE Group** P.O. Box 2695 Waterloo, IA 50704-2695 | | | | | | | |

Sheet no. _1_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

Total ➤
(Use only on last page of the completed Schedule F.)

| $8,382.00 |
|---|
|  |

FORM B6F - Cont.
(10/89)

In re: __WILLIAM S. LUKAS__          __JULIE M. LUKAS__          .          Case No. _____
                Debtor                                                             (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Dwyer Group<br>1010 N. University Park Drive<br>Waco, TX 76707 | | J | 2010<br>Franchise Fee | | | | 24,441.00 |
| ACCOUNT NO.<br>Dwyer Group<br>1010 N. University Park Drive<br>Waco, TX 76707 | | J | 2010<br>Royalties | | | | 700.00 |
| ACCOUNT NO.<br>Dwyer Group<br>1010 N. University Park Drive<br>Waco, TX 76707 | | J | 2010<br>Royalties | | | | 811.00 |
| ACCOUNT NO.<br>Dwyer Group<br>1010 N. University Park Drive<br>Waco, TX 76707 | | J | 2010<br>NSF Fees | | | | 375.00 |
| ACCOUNT NO.   5601<br>GE Money Bank<br>P.O. Box 960061<br>Orlando, FL 32896-0061<br><br>Portfolio Recovery Assoc.<br>P.O. Box 12903<br>Norfolk, VA 23541 | | W | 2010<br>Living Expenses | | | | 803.00 |

Sheet no. _2_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤           $27,130.00
(Total of this page)

Total ➤
(Use only on last page of the completed Schedule F.)

FORM B6F - Cont.
(10/89)

In re:  **WILLIAM S. LUKAS**                    **JULIE M. LUKAS**                         Case No. _____
                  Debtor                                                                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    7521 | | W | | | | | 1,356.00 |
| **GE Money Bank** P.O. Box 981438 El Paso, TX 79998-1438 | | | Lord and Taylor living expenes | | | | |
| **NES of Ohio** 29125 Solon Rd. Solon, OH 44139-3442 | | | | | | | |
| ACCOUNT NO.    6403 | | W | 2010 | | | | 6,457.00 |
| **GE Money Bank** P.O. Box 960061 Orlando, FL 32896-0061 | | | Living Expenses | | | | |
| **Nations Recovery Center** 6491 Peachtree Industrial Blvd. Atlanta, GA 30360 | | | | | | | |
| ACCOUNT NO.    8086 | | J | | | | | 4,217.00 |
| **Home Depot** Processing Center DesMoines, IA  50364-0500 | | | Materials | | | | |
| **CBE Group** 1309 Technology Pkwy Cedar Falls, IA 50617 | | | | | | | |
| ACCOUNT NO.    8461 | | W | | | | | 4,747.00 |
| **J.C. Penny** P.O. Box 960090 Orlando, FL 32896-0090 | | | Living Expenses | | | | |
| **NCC Business Services** P.O. Box 24739 Jacksonville, FL 32241-4739 | | | | | | | |

Sheet no.  3  of  6  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

Total
(Use only on last page of the completed Schedule F.)

$16,777.00

FORM B6F - Cont.
(10/89)

In re: __WILLIAM S. LUKAS__    __JULIE M. LUKAS__    ·    Case No. _____
          Debtor                                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    5272 | | J | 1998 | | | | 12,461.00 |
| Leyden Credit Union 2701 N. 25th Ave. Franklin Park, IL 60131 | | | living expenses | | | | |
| ACCOUNT NO.    3083 | | W | | | | | 2,648.00 |
| Macys P.O. Box 689195 Des Moines, IA 50368-9195 | | | living expenses | | | | |
| LTD Financial Services, L.P. 7322 Southwest Freeway, Suite 1600 Houston, TX 77074 | | | | | | | |
| ACCOUNT NO.    0577 | | W | | | | | 1,327.00 |
| Nordstrom FSB P.O. Box 79134 Phoenix, AZ 85062-9134 | | | living expenses | | | | |
| Enhanced Recovery Comp. LLC 8014 Bayberry Rd. Jacksonville, FL 32256-7412 | | | | | | | |
| ACCOUNT NO.    5396 | | W | | | | | 65.00 |
| Publishers Clearing House P.O. Box 4002924 Des Moines, IA 50340-2924 | | | Publication | | | | |
| Sunrise Credit Service P.O. Box 9100 Farmingdale, NY 11735 | | | | | | | |

Sheet no. _4_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

Total ➤
(Use only on last page of the completed Schedule F.)

$16,501.00

FORM B6F - Cont.
(10/89)

In re: __WILLIAM S. LUKAS_____ __JULIE M. LUKAS_____. Case No. _____
　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.　4713<br>**Rheumatology Associates**<br>**1725 W. Harrison Street**<br>**Chicago, IL 60612** | | J | 2011<br>**Living Expenses** | | | | 767.00 |
| ACCOUNT NO.　4094<br>**Rush University Medical Group**<br>**1653 W. Congress Parkway**<br>**Chicago, IL 60612** | | J | 2010<br>**Living Expenses** | | | | 39.00 |
| ACCOUNT NO.<br>**Sandy Losurdo**<br>**Losurdo & Panzeca**<br>**1684 Wright Blvd.**<br>**Schaumburg, IL 60193** | | J | 2011 | | | | 1,088.00 |
| ACCOUNT NO.　3873<br>**Target National Bank**<br>**P.O. Box 59317**<br>**Minneapolis, MN  55459**<br><br>**Meyers & Njus P.A.**<br>**29 LaSalle St. #635**<br>**Chicago, IL 60603** | | W | **Living Expenses** | | | | 1,387.00 |
| ACCOUNT NO.　8509<br>**The Gap**<br>**P.O. Box 530492**<br>**Atlanta, GA 30353-0942**<br><br>**PFG of Minnesota**<br>**7825 Washington Ave. #310 #**<br>**Minneapolis, MN 55439-2409** | | W | **Living Expenses** | | | | 1,591.00 |

Sheet no. _5_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal 　
(Total of this page)

Total 　
(Use only on last page of the completed Schedule F.)

$4,872.00

FORM B6F - Cont.
(10/89)

In re:  **WILLIAM S. LUKAS**        **JULIE M. LUKAS**        ,        Case No. _____
_____
Debtor                                                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    3049 | | W | | | | | 616.00 |
| Zale Corporation 901 W. Walnut Hill Lane Irving, TX 75038-1003  United Recovery Systems P.O. Box 722929 Houston, TX 77272-2929 | | | Merchandise | | | | |

Sheet no. 6 of 6 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) | $616.00
Total (Use only on last page of the completed Schedule F.) | $79,968.00

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re: **WILLIAM S. LUKAS**          **JULIE M. LUKAS**          Case No. _____
              Debtor                                                        (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Public Storage/Dwyer Group**<br>**1200 W. Irving Park Rd.**<br>**Schaumburg, IL 60193** | 1 year |

B6H
(6/90)

In re: <u>**WILLIAM S. LUKAS**</u>                    <u>**JULIE M. LUKAS**</u>                    .    Case No. _____
       Debtor                                                                                              (If known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

In re    **WILLIAM S. LUKAS**          **JULIE M. LUKAS**          Case No.

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **MARRIED** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age: **49** Spouse's Age: **47** | NAMES **PL** | AGE | RELATIONSHIP **SON** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **UNEMPLOYED** | **TEACHER'S ASSISTANT** |
| Name of Employer | | **DISTRICT 64** |
| How long employed | | **12 YEARS** |
| Address of Employer | | **PARK RIDGE, IL** |

| Income: (Estimate of average monthly income) | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ | 0.00 | $ 2,358.00 |
| Estimated monthly overtime | $ | 0.00 | $ 0.00 |
| SUBTOTAL | $ | 0.00 | $ 2,358.00 |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | $ | 0.00 | $ 0.00 |
| b. Insurance | $ | 0.00 | $ 0.00 |
| c. Union dues | $ | 0.00 | $ 0.00 |
| d. Other (Specify) | $ | 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ 2,358.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | 0.00 | $ 0.00 |
| Income from real property | $ | 0.00 | $ 0.00 |
| Interest and dividends | $ | 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ 0.00 |
| Social security or other government assistance (Specify) **UNEMPLOYMENT** | $ | 1,668.00 | $ 0.00 |
| Pension or retirement income | $ | 0.00 | $ 0.00 |
| Other monthly income (Specify) | $ | 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ | 1,668.00 | $ 2,358.00 |

TOTAL COMBINED MONTHLY INCOME          $ 4,026.00          (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:          **NONE**

Form B6J
(6/90)

In re   __WILLIAM S. LUKAS_____   _____JULIE M. LUKAS_____ ,   Case No. _____
Debtor                                                                    (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,561.00 |
| Are real estate taxes included?        Yes  ✓        No  _____ | | |
| Is property insurance included?        Yes  ✓        No  _____ | | |
| Utilities   Electricity and heating fuel | $ | 200.00 |
| Water and sewer | $ | 40.00 |
| Telephone | $ | 150.00 |
| Other   **INTERNET & CABLE** | $ | 180.00 |
| Home maintenance (repairs and upkeep) | $ | 20.00 |
| Food | $ | 400.00 |
| Clothing | $ | 25.00 |
| Laundry and dry cleaning | $ | 0.00 |
| Medical and dental expenses | $ | 50.00 |
| Transportation (not including car payments) | $ | 400.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 10.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or renter's | $ | 0.00 |
| Life | $ | 0.00 |
| Health | $ | 0.00 |
| Auto | $ | 200.00 |
| Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 600.00 |
| Other | $ | 0.00 |
| Alimony, maintenance or support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other   **STORAGE** | $ | 168.00 |
| | | |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 4,004.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | _____ |
| B. Total projected monthly expenses | $ | _____ |
| C. Excess income (A minus B) | $ | _____ |
| D. Total amount to be paid into plan each _____ | $ | _____ |
| (interval) | | |

## UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois
### Eastern Division

In re:  **WILLIAM S. LUKAS**         **JULIE M. LUKAS**              Case No. _____
       **XXX-XX-9219**                    **XXX-XX-5301**           Chapter  **7**

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 35,994.00 | DINKUM'S LAWN CARE, UNEMPLOYMENT AND DIST. 64 | 2010 |
| 23,538.00 | DINKUM'S LAWN CARE, UNEMPLOYMENT & DIST 64 | 2011 |

## 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3.  Payments to creditors

None
☑

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **TARGET NATIONAL BANK V. JULIE M. LUKAS**       12M1 109246 | **CIVIL LAWSUIT** | **COOK COUNTY, IL** | **PENDING/JUDGMENT?** |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☐

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Bush Leasing 6961 Cintas Blvd. Mason, OH 45040** | 7/2011 | **2011 FORD PICKUP & 2011 C ARGO TRAILER** |

---

## 5.  Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8.  Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9.  Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Brunke and Gorman, P.C.** <br> **1300 E. Irving Park Road** <br> **Suite 201** <br> **Streamwood, IL 60107** | **MAY 2012** | **$1800.00** |

## 10.  Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

## 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **CHASE BANK STREAMWOOD** | **BUSINESS ACCOUNT** | **MARCH 2012 --NEGATIVE BALANCE** |

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None
☑

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                      NAME USED                          DATES OF OCCUPANCY

## 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory ( including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.   List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Enivronmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.   List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.   List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☐

a.       If the debtor is an individual, list the names, addresses,  taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director,partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceeding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|----------------------|---------|--------------------|-----------------------------|
| DINKUM'S LAWN CAR | XX-XXX1621 | | LAWN CARE | |
| | | 1461 WALNUT AVE.<br>HANOVER PARK, IL 60133 | | |

b.       Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|---------|

## 25. Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceeding the commencement of the case.

NAME  OF PENSION FUND                              TAXPAYER IDENTIFICATION NUMBER

*[if completed by an individaul or individual  and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   6/6/12                     Signature of Debtor   _WILLIAM S. LUKAS_

Date   6/6/12                     Signature of Joint Debtor   _JULIE M. LUKAS_

### UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

### Eastern Division

In re:   **WILLIAM S. LUKAS**          **JULIE M. LUKAS**                Case No. _____
         **XXX-XX-9219**               **XXX-XX-5301**                   Chapter      **7**

Debtors

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | 1,800.00 |
| Prior to the filing of this statement I have received | $ | 1,800.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)  Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)  [Other provisions as needed]
       **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:
       **None**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _____

_____
**Thomas J. Gorman, Bar No. 6210613**

**Brunke and Gorman, P.C.**
Attorney for Debtor(s)

---

## CONTRACT TO PERFORM LEGAL SERVICES - BANKRUPTCY

I, <u>WILLIAM AND JULIE LUKAS</u> hereby authorize and employ the law firm of **GARY L. BRUNKE P.C.,** ("Attorney(s)") to represent me in the following matter:

| BANKRUPTCY:    **CHAPTER 7**;  ASSET / **NO ASSET**; SINGLE / **JOINT**; IN BUSINESS/**NOT IN BUSINESS**; **WITH**/WITHOUT **REAFFIRMATION** |
| --- |

We HEREBY AGREE to the following terms and conditions of such representation:

1.      After consultation with the Attorneys, client has decided to file for bankruptcy under the above chapter of the United States Bankruptcy Code.  Client agrees to pay a flat fee of $1,800.00 which includes the bankruptcy filing fee for Chapter 7.  To date client has paid $1,800.00 towards client's attorneys fees.  Any unpaid portion of the filing fee in a Chapter 7 case must be paid prior to the filing of client's case.  The balance of the attorneys fees must be paid in full by the filing date.  The Fees I pay to my Attorney which are earned are ***non-refundable***;

2.      **COOPERATION BY CLIENT.** Client must cooperate with GARY L. BRUNKE, by furnishing GARY L. BRUNKE, (if requested) all required information such as pay stubs, titles to vehicles, tax returns, bills, and other documents requested by GARY L. BRUNKE, Client MUST complete all information requested on the "Information Sheet" supplied to client and client hereby acknowledges receipt of the Information Sheet on this date. Client will also cooperate in any required manner to bring this matter to a conclusion, including, but not limited to:  (a) review and execution of the petition and schedules; (b) responding to telephone calls; (c) notifying my Attorney, immediately, of any changes relating to my case or myself (change of address, employment or telephone numbers). Client further understands that filing for bankruptcy can and probably will harm client's credit rating. The bankruptcy will remain on client's credit reports for 10 years; you cannot file a Chapter 7 for another eight years. Clients will further cooperate in attending both credit counseling classes.

3.      **REPRESENTATION AT THE MEETING OF CREDITORS.** GARY L. BRUNKE will attend the 341 hearing which is a meeting of creditors where a trustee appointed by the U.S. Trustee's Office asks client questions. Clients **must attend!** Client must bring a photo identification card *and social security card* with them.  Failure to attend 341 hearing may result in dismissal of client's case or other action by the Trustee or Bankruptcy Court. GARY L. BRUNKE may withdraw or demand extra fees if client does not attend hearing. If client fails to attend, or the case is continued due to client's fault, or by the bankruptcy trustee, client must pay to lawyer *$350.00* before the next meeting.

4.      **FRAUD AND OTHER NON-ROUTINE MATTERS.** There are circumstances which may require additional attorneys fees including, but not limited to: (1) Allegations of fraud or non discharge ability (a separate retainer agreement must be signed by client for this service); (2) extra meetings of creditors ($250 per hour); (3) Negotiating with secured creditors to avoid lift stays ($250 per hour spent by attorney negotiating motion to lift stay); (4) Amendments ($250 per hour plus $20 (filing fees subject to change) to Bankruptcy Court for amending bankruptcy schedules after original filing date); (5) Lien avoidance proceedings ($250 per hour spent by attorney relating to negotiating or preparing documents relating to avoidance of a lien); (7) for each reaffirmation drafted or reviewed there shall be an $250 per hour charge; (8) Representation in other proceedings in Bankruptcy Court, such as an adversarial complaint, brought by clients as the debtor, or against clients by creditors, or the Trustee (a separate retainer agreement must be signed by client for this service and the hourly fee shall be $250 per hour).

5.      **LIENS ON REAL ESTATE.** Liens on any real estate or personal property that client owns are not automatically removed by virtue of client's bankruptcy; although in some instances, procedures can be taken to remove certain liens. It is client's responsibility to provide the attorney with accurate information with respect to liens on personal or real property so that it can be determined if, and to what extent, such liens can be

removed. In those instances where liens cannot be removed, the rights of lien holders in the collateral survive the bankruptcy.

6. **JUDGMENTS.** If a judgment was taken against client prior to date of filing bankruptcy, the bankruptcy discharge may remove client's liability on the debt; however, the judgment will remain of record, may be a lien on real estate client owns, and may affect title to real estate client subsequently purchases or sells.

7. **CO-SIGNERS.** Client's discharge in bankruptcy does not affect the creditor's right to pursue any party who may be jointly liable for client's debts.

8. **DEBTS THAT DO NOT GO AWAY.** Non-dischargeable debts, or debts not affected by client's bankruptcy, include but are not limited to the following: 1) Debts incurred after the bankruptcy case is filed; 2) Some debts to a creditor not listed in client's bankruptcy schedules or listed with an incorrect address (bankruptcy law though typically discharges debt not listed); 3) Alimony, maintenance, or support obligations owing a spouse, former spouse or dependent, or assigned to a public agency; or in some instances, debts to a former spouse for unpaid property division; 4) Criminal or municipal fines or penalties; 5) Debts incurred through fraud; 6) Debts incurred by using a credit card for gambling; 7) Debts incurred by using a credit card (including a cash advance) within 90 days from the date of filing the bankruptcy case; 8) Debts resulting from malicious injury to another or another's property; 9) Debts secured by collateral which client has sold without the creditor's consent; 10) Most student loans; 11) Debts for death or personal injury as a result of the operation of a vehicle while intoxicated; 12) Most taxes including those due less than three years prior to the filing date of client's bankruptcy petition and trust fund taxes.

9. **CLIENT MUST CONTINUE TO PAY SECURED CREDITORS, UTILITY BILLS, MORTGAGE, CAR PAYMENTS, AND ALL NECESSARY EXPENSES.** Despite filing for bankruptcy, client must continue to pay all secured creditors such as automobile loans, mortgages, home equity, loans, and all necessary expenses such as rent or utility bills. **THE ONLY EXCEPTION** is if client intends to surrender the property in question or avoid a lease in which case client will lose the property in questions and/or have to move out of location where renting. For example, if client does not intend to keep a car (in other words client will be surrendering vehicle), which is being leased or financed, then client may stop making payments but client must agree to surrender car to creditor. Client will surrender:  __RESIDENCE__ .

10. **CLIENT ACKNOWLEDGES** GARY L. BRUNKE explained to client the options to eliminate debt including Chapter 13 Bankruptcy and client has read and received this agreement and understands its terms and conditions and agrees to them and that **client must tell the truth! CLIENT ASSUMES ANY RISK OF DELAY** due to changes in law or circumstances, or client's failure to provide accurate and truthful information.

11. That if I pay by check and my check is returned to Attorney unpaid, I agree to pay:  (i) ***$100.00*** service fee, and (ii) additional attorney fees and costs incurred by Attorney to collect the amount owed.  The aforementioned may be enforced at the option of GARY L. BRUNKE.

12. **I HAVE READ AND UNDERSTAND THIS ENTIRE AGREEMENT; AND BY MY SIGNATURE BELOW, AGREE TO BE BOUND.**

Dated this _9_ day of _March_ , 2012.

_____
ATTORNEY

_____
CLIENT

_____
CLIENT

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re   William & Julie Lukas   ,                              Case No. _____
_____Debtor_____                                                 Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br><br>Wells Fargo | **Describe Property Securing Debt:**<br>Residence--1461 Walnut Ave. Hanover Park, IL |

Property will be *(check one)*:
- ☑ Surrendered           ☐ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- ☐ Claimed as exempt                    ☐ Not claimed as exempt

| Property No. 2 *(if necessary)* | |
|---|---|
| **Creditor's Name:**<br><br>Leyden Credit Union | **Describe Property Securing Debt:**<br>2007 Hyundai Sonata |

Property will be *(check one)*:
- ☐ Surrendered           ☑ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- ☑ Claimed as exempt                    ☐ Not claimed as exempt

B 8 (Official Form 8) (12/08)

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ❐ YES      ❐ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ❐ YES      ❐ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ❐ YES      ❐ NO |

_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: 6-6-12

_____
Signature of Debtor

_____
Signature of Joint Debtor

B 8 (Official Form 8) (12/08)

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

**PART A -** Continuation

| Property No. | |
|---|---|
| **Creditor's Name:**<br><br>Mid Atlantic Finance Co. | **Describe Property Securing Debt:**<br>1999 Dodge Ram |

Property will be *(check one)*:
    ❏ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
    ❏ Redeem the property
    ☑ Reaffirm the debt
    ❏ Other.  Explain_____ (for example, avoid lien
using 11  U.S.C. § 522(f)).

Property is *(check one)*:
    ☑ Claimed as exempt         ❏ Not claimed as exempt

**PART B -** Continuation

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES    ❏ NO |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES    ❏ NO |